23 F.3d 402
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Jaime Eduardo SANZETENEA-JUSTINIANO, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-1847.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 22, 1994.
Decided April 26, 1994.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A30-304-224)
 Paul Grussendorf, The National Law Center, George Washington University, Washington, D.C., for petitioner.
 Frank W. Hunger, Asst. Atty. Gen., Robert Kendall, Jr., Asst. Director, Donald E. Keener, Civil Division, United States Department of Justice, Washington, D.C., for respondent.
 I.N.S.
 AFFIRMED.
 Before RUSSELL, PHILLIPS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jaime Sanzetenea-Justiniano filed a petition for review of the Board of Immigration Appeals' (BIA) decision denying his request for a waiver of deportation pursuant to 8 U.S.C.A.Sec. 1182(c) (West Supp.1993) (referred to below and in briefs asSec. 212(c)). The BIA found Sanzetenea-Justiniano barred from seeking waiver relief because he had an aggravated felony conviction and had served five years in prison. See 8 U.S.C.A. Sec. 1182(c). Sanzetenea-Justiniano claims that the bar does not apply to him because his conviction occurred before the definition of an aggravated felony was enacted, and that the definition should not be retroactive. Further, Sanzetenea-Justiniano contends that the bar does not apply to aliens in deportation proceedings, such as himself, but only to aliens attempting to gain physical entry into the United States. We have recently addressed these exact issues in De Osorio v. INS, 10 F.3d 1034, 1039-43 (4th Cir.1993). In De Osorio, we found that the agency's conclusion that the aggravated felony bar of Sec. 1182(c) applies to convictions predating the enactment of the statutory definition was "reasonable and consistent with congressional intent." Id. at 1039. We further determined that the bar to waiver relief applies to all aliens seeking such relief irrespective of whether they are in deportation proceedings or seeking entry into the United States. Id.
 
 
 2
 Therefore, we affirm the BIA's denial of Sanzetenea-Justiniano's request for waiver relief.
 
 
 3
 AFFIRMED.